## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal Action No. |
| | : 7:05-cr-21 (HL) |
| ERIC JARRARD, STEVEN | : |
| JARRARD, and KYLE JARRARD, | : |
| | : |
| Defendants. | : |
| | : |

### ORDER

Before the Court is Defendants' Motion for Severance of Offenses and/or Defendants (Doc. 114). Defendants assert two alternative arguments for severance: (1) Counts Two through Seven of the indictment are factually unrelated to Counts Eight through Fifteen; therefore, the offenses were improperly joined and should be tried separately; and (2) Defendant Eric Jarrard will suffer prejudice from a joint trial as he has an interest in testifying as to Counts Eight through Fifteen but must invoke his Fifth Amendment right against self-incrimination as to Counts Two through Seven. For the reasons expressed herein, Defendants' Motion for Severance of Offenses and/or Defendants is denied.

**I. FACTS**

Defendants are the subject of a sixteen-count Second Superseding Indictment returned on August 24, 2006 alleging Defendants conspired to commit bank fraud by obtaining loans

through false pretenses. The prior and current indictments[1] allege Roy Bland, W.C. Bland, Johnny Bland, Defendant Eric Jarrard, Defendant Steven Jarrard, and Defendant Kyle Jarrard participated in a scheme to defraud a local bank by obtaining funds under false pretenses. According to the indictments, Roy Bland and Defendant Eric Jarrard set up a bank account in the name of "Southeastern Consultants, LLC," as a front to collect funds for a funeral home holding company. Utilizing his position as a loan officer at a local bank, Defendant Eric Jarrard then assisted several "straw" borrowers in fraudulently obtaining loans by misrepresenting the state of their finances and concealing the true purpose of the respective loans. These "straw" borrowers included W.C. Bland, Johnny Bland, Defendant Steven Jarrard, and Defendant Kyle Jarrard. The proceeds of the various loans were then diverted from their declared purpose and funneled into either the bank account of "Southeastern Consultant, LLC" or Defendant Eric Jarrard's personal bank account.

Count One of the Second Superseding Indictment charges Defendants Eric Jarrard, Kyle Jarrard, and Steven Jarrard with Conspiracy to Commit Bank Fraud. Counts Two through Seven charge Eric Jarrard with individual counts of bank fraud regarding six loans obtained by Roy and W.C. Bland. The indictment alleges the proceeds of these loans were diverted into the account of a business entity, "Southeastern Consultants, LLC," set up by Defendant Eric Jarrard and Roy Bland to collect funds from the conspiracy. Counts Eight

---

[1] The Court notes Roy Bland, W.C. Bland, and Johnny Bland have entered pleas of guilty in this case. As such, their names were removed from the Second Superseding Indictment; however, for the sake of clarity, the Court will refer to these individuals by name.

through Fifteen charge Eric Jarrard, Kyle Jarrard, and Steven Jarrard with individual counts of bank fraud regarding loans secured by Kyle and Steven Jarrard. Specifically, Counts Eight and Nine allege that Defendant Kyle Jarrard and Steven Jarrard made false statements on two separate loan applications, Counts Ten through Thirteen concern four checks made payable to "Southeastern Consultants, LLC," and Counts Fourteen and Fifteen concern the transfer of funds to Defendants' personal accounts. Count Sixteen concerns the forfeiture of various property owned by Defendants.

## II. ANALYSIS

A defendant challenging joinder can bring two separate claims. First, a defendant can raise a claim based on Rule 8 of the Federal Rules of Criminal Procedure. This claim challenges the alleged improper joinder of defendants or offenses in violation of Rule 8. Second, a defendant can raise a claim based on Rule 14 of the Federal Rules of Criminal Procedure. Instead of challenging the initial joinder, a claim based on Rule 14 alleges prejudice will result from the proper joinder of defendants or offenses.

### A. Improper Joinder: Rule 8

Defendants assert Counts Two through Seven are factually unrelated to Counts Eight through Sixteen and are therefore improperly joined. According to Defendants, the loans obtained by Roy and W.C. Bland are not connected to the loans obtained by Kyle and Steven Jarrard. In response, the Government notes all charges in the indictment have a close logical relationship to one another, originated from very similar acts, involved Defendant Eric Jarrard's misuse of authority as a bank official, and are almost identical in the manner in

3

which they were planned and executed. Accordingly, the Government asserts the offenses are properly joined.

In examining a challenge to joinder, a court must examine the face of the complaint to determine whether joinder is appropriate. United States v. Morales, 868 F.2d 1562, 1568-69 (11th Cir. 1989). Rule 8 of the Federal Rules of Criminal Procedure specifies the circumstances under which multiple defendants and offenses may be charged in a single indictment. Separate offenses can be joined together if the offenses are "of the same or similar character, . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Likewise, defendants may be joined together if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Furthermore, "joinder of [defendants] for trial is proper where [an] indictment charges multiple defendants with a single conspiracy and also charges some of the defendants with substantive counts rising out of the conspiracy." United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988).

Here, it is clear from the face of the indictment that the crimes alleged in Counts Two through Fifteen are part of a common scheme or plan. The indictment alleges proceeds from the loans obtained by Roy and W.C. Bland and proceeds from the loans obtained by Defendants Kyle and Steven Jarrard were diverted into the same bank accounts rather than being used for the purpose stated on the corresponding loan application. Moreover, the indictment specifically alleges Defendants participated in one single conspiracy to commit

bank fraud. Therefore, as the indictment alleges the individual allegations of bank fraud charged in Counts Two through Fifteen are part of the same conspiracy, joinder is proper in this case.

**B. Prejudice: Rule 14**

Defendants also argue that even if the initial joinder of offenses and defendants was proper, Defendants are entitled to severance as prejudice will result from joint trials. Specifically, Defendant Eric Jarrard asserts that he will be unable to receive a fair trial if the offenses charged in Counts Two through Six and the offenses charged in Counts Seven through Fifteen are tried together. Defendant Eric Jarrard states he wishes to testify in his own defense with respect to Counts Seven through Fifteen, yet will be unable to do so as he has a strong interest in not testifying as to Counts Two through Six.

Because joint trials promote efficiency and avoid the possibility of inconsistent verdicts, the general rule is that "persons who are indicted together should be tried together." United States v. Caporale, 806 F.2d 1487, 1509-10 (11th Cir. 1986). Nevertheless, Rule 14 of the Federal Rules of Criminal Procedure provides for relief from prejudice resulting from the proper joinder of defendants or offenses. Fed. R. Crim. Pro. 14. "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. Pro. 14(a).

Although Rule 14 provides for the severance of defendants and offenses, the rule does

not require severance even when prejudice is shown. District courts have the discretion to utilize other appropriate remedies in each case depending on the risk of prejudice. In fact, "it is presumed that cautionary instructions to the jury to consider the evidence separate as to each defendant will adequately guard against prejudice." United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989). Accordingly, severance is only appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993). Moreover, a "mere unsupported assertion of prejudice is not sufficient to justify severance of properly joined defendants." United States v. Garrison, 265 F. Supp. 108, 112 (M.D.Ga. 1967). Instead, a defendant seeking severance must show, (1) "the joined offenses [are] clearly distinct in time, place and evidence," (2) "defendant has important testimony to give concerning one count", and (3) defendant has a "strong need to refrain from testifying on the other count." United States v. Corbin, 734 F.2d 643, 648-49 (11th Cir. 1984) (citations omitted).

Here, Defendant Eric Jarrard offers nothing more than a generic summary of his legal strategy and expresses a general desire to testify as to some counts but not others. Defendant has failed to proffer any specific testimony or indicate whether said testimony would be of any particular value. Further, rather than articulating any precise reason why he would be prejudiced by a single trial, Defendant simply asserts his credibility will be open to challenge if he testifies in a joint trial. Based on these bare assertions, the Court is not persuaded that severance is the appropriate remedy in this case.

**III. CONCLUSION**

For reasons expressed herein, Defendants' Motion for Severance of Offenses and/or Defendants (Doc. 114) is denied.

**SO ORDERED**, this the 17th day of October, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs